IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:11-CR-041 |
| | ) | |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| JAMES RICHARD KERRIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the defendant, James Richard Kerrigan, with the defendant's attorney, as follows:

**A. CHARGES.**

1. <u>Subject Offense</u>. The defendant will waive Grand Jury indictment and plead guilty to Count 2 of a United States Attorney's Information alleging the making and subscribing of a false return or statement for the tax year 2007, in violation of Title 26, United States Code, Section 7206(1). The defendant also will waive Grand Jury indictment with respect to Count 1 of the United States Attorney's Information, alleging the making and subscribing of a false tax return or statement for the tax year 2006.

2. <u>Charges Being Dismissed</u>. Provided the defendant complies with the terms and conditions of this Plea Agreement, the United States will dismiss Count 1 at the time of sentencing.

3. <u>No Further Prosecution</u>. The United States agrees that the defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. However, this agreement does not apply to: (1) any uncharged crimes of violence; (2) any criminal act which the defendant has not fully disclosed to

law enforcement prior to sentencing; and (3) any offense committed after the execution of this agreement.

## B. CONSEQUENCES OF PLEA.

4. <u>Statutory Penalties</u>. Count 2 is punishable by a maximum term of imprisonment of 3 years, a maximum fine of $100,000, or both, a term of supervised release of not more than one (1) year, and a $100 special assessment. If the Defendant violates any condition of supervised release following imprisonment, the Defendant may be returned to prison for all or part of the term of supervised release.

5. <u>Detention</u>. Provided the defendant complies with all terms of this agreement, fully cooperates with the United States Probation Office in the preparation of a presentence report, does not appear to be mentally at risk to harm himself or any other person, and does not commit any bond violations, the government will not seek detention of the defendant prior to sentencing and will not oppose a request by the defendant to self-report to the Bureau of Prisons, should a sentence of imprisonment be imposed.

## C. SENTENCING CONSIDERATIONS.

6. <u>Sentencing Guidelines - Factors</u>. The sentence imposed will be based upon consideration of the factors set forth in Title 18, United States Code, Section 3553(a) and the United States Sentencing Guidelines applying to this case. Although the provisions of the Sentencing Guidelines are not mandatory, they are advisory and the parties understand that the District Court will consider them in determining the sentence. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include but are not limited to the following:

       a.     the loss amount resulting from the defendant's conduct, which the parties agree is in excess of $30,000;

      b.      the defendant's criminal history or lack thereof; and

      c.      the defendant's acceptance or lack of acceptance of responsibility, with the parties stipulating that the defendant receive a two-level decrease of offense level under U.S.S.G. § 3E1.1(a), provided that the defendant: (1) complies with all terms of this agreement; (2) fully cooperates with the United States Probation Office in the preparation of a presentence report; (3) does not commit any bond violations if on pretrial release; (4) accepts responsibility for all relevant conduct as defined in §1B1.3 of the Sentencing Guidelines.

7.    <u>No Promises</u>. The Government makes no representations or promises as to the sentence to be imposed, as this is solely with the District Court's discretion. Although the parties may have discussed the possibility of various factors having an impact on the sentence and the possibility of a certain sentencing range, the parties agree that no discussion resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed.

8.    <u>No Right to Withdraw Plea</u>. The defendant understands that he will have no right to withdraw his plea if the sentence imposed or the application of the United States Sentencing Commission Guidelines is other than what the defendant anticipated. The parties understand that the District Court may defer its decision to accept the plea until there has been an opportunity to review a pre-sentence investigation report.

9.    <u>Evidence at Sentencing</u>. The defendant, the defendant's attorney, and the government's attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the United States Probation Office for use in preparing a pre-sentence report.

10.     Fines/Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

11.     Special Assessment. The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. The defendant agrees to make such payment (by cashiers check or money order payable to "Clerk, U. S. District Court") to the Clerk of the United States District Court prior to sentencing.

### D. GENERAL MATTERS

12.     Financial Statement. The defendant agrees to fully and truthfully complete the financial statement, and provide the U. S. Attorney's Office with any information or documentation in the defendant's possession or control regarding the defendant's financial affairs. Failure to truthfully complete the financial statement form in its entirety, or failure to submit to a financial examination when requested, will constitute a breach of this agreement and may, in the sole discretion of the U. S. Attorney's Office, result in the revocation of the agreement and the institution or reinstatement of other criminal charges against the defendant.

13.     No Resolution of Civil Tax Liability. Defendant understands that any "tax loss" determined by the District Court or U.S. Probation Office is for the sole purpose of computing defendant's base offense level under the United States Sentencing Guidelines. This Plea Agreement does not resolve any civil tax liability (including penalties) the defendant may have for any taxable period. The Internal Revenue Service is not a party to this agreement and remains free to pursue all lawful civil remedies it may deem appropriate, which are permitted by

law, including assessments against defendant for additional tax due and owing and levies or garnishments to collect these amounts.

      14.    Special Condition. Should the Court impose a period of probation or supervised release as part of the sentence in this case, the parties agree to jointly recommend to the Court that the following "special" conditions be imposed, in addition to the "standard" conditions of probation and/or supervised release:

    A.    that the defendant cooperate with the Internal Revenue Service in the determination, assessment and payment of any tax liability that he may have for the calendar years 2006 until the present;

    B.    that the defendant pay in full any tax liability (including interest and penalties) as finally determined, or make arrangements with the Internal Revenue Service to begin making payments on that tax liability within 60 days of the final assessment by the Internal Revenue Service;

    C.    that the defendant provide to the United States Probation Office a copy of any payment plan agreed upon with the Internal Revenue Service, and that the defendant actually make the required payments; and

    D.    that the defendant file truthful individual income tax returns as may become due by law and provide copies of such returns to the United States Probation Office.

      15.    Voluntariness of Plea. The defendant acknowledges that he is guilty and agrees that he is voluntarily entering into this plea agreement because of his guilt. He is entering into this agreement without reliance upon any discussions between himself and the United States other than those described in this plea agreement, without promise of benefit of any kind other than any concessions contained in this plea agreement, and without threats, force, intimidation, or coercion of any kind. The defendant understands the nature of the offenses to which he is pleading guilty, including the penalties provided by law.

16. <u>Waiver of Rights.</u> In connection with the plea of guilty pursuant to this agreement, the defendant acknowledges that he has been informed of, and understands, the following:

    a. the right of the United States, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

    b. the right to plead not guilty, and to persist in that plea;

    c. the right to a jury trial;

    d. the right to be represented by counsel – and if necessary to have the court appoint counsel – at trial and at every other stage of the proceeding;

    e. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f. that he will have waived these trial rights upon the District Court's acceptance of his plea of guilty.

17. <u>Limited Scope of Agreement.</u> This agreement does not limit, in any way, the right or ability of the United States to investigate or prosecute the defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the United States from pursuing any civil or administrative matters against the defendant, including, but not limited to, civil tax matters and civil forfeiture, which arise from, or are related to, the facts upon which this investigation is based. This agreement binds only the parties hereto. It does not bind any state or local authority and does not bind any federal authority other than the United States Attorney for the Southern District of Iowa.

18. <u>Entire Agreement.</u> This plea agreement, including all attachments and incorporated agreements, constitutes the entire agreement between the parties. No other

promises of any kind, express or implied, have been made to the defendant by the United States or by its agents.

19. <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the defendant's offense conduct relating to each subject offense.

20. <u>Venue</u>. The parties agree that the conduct underlying the offense was committed in whole or in part in the Southern District of Iowa, and that the United States District Court, Southern District of Iowa, is a proper venue for this case.

### E. LIMITED WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

21. <u>Limited Waiver of Appeal Rights.</u> The defendant hereby knowingly and expressly waives any and all rights to appeal his conviction in this case, with the exception of an appeal from the sentence. This waiver includes all motions, defenses and objections which defendant could assert to the charges or to the District Court's entry of Judgment against him, and any and all issues inhering therein.

22. <u>Limited Waiver of Post-Conviction Review</u>. The defendant further knowingly and expressly waives any and all rights to contest his conviction of the subject charges in any post-conviction proceedings, including any proceedings under Title 28, United States Code, Section 2255, except for the following:

    a. The right to seek post conviction relief based on ineffective assistance of counsel or prosecutorial misconduct if the grounds for such claim are not known to the defendant and were not reasonably capable of being known at the time defendant enters a plea pursuant to this plea agreement.

23. <u>Execution/Effective Date</u>. This agreement does not become valid and binding until the Plea Agreement and all attachments are executed by each of the parties and their counsel shown below, and the original documents or copies are received at the United States Attorney's Office, U.S. Courthouse Annex, Suite 286, 110 East Court Avenue, Des Moines, Iowa, 50309.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

## F. SIGNATURES

24. <u>Defendant.</u> I have read all of this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this plea agreement. I have not been threatened in any way to get me to enter into this plea agreement. I am satisfied with the services of my attorney with regard to this plea agreement and other matters associated with this case. I am entering into this plea agreement and will enter my plea of guilty under this agreement because I committed the crime to which I am pleading guilty.

_3/9/2011_
Date

_/s/_
James Richard Kerrigan
Defendant

25. <u>Defendant's Attorney.</u> I have read this plea agreement and have discussed in its entirety with my client. There is no plea agreement other than the agreement set forth in this writing. My client fully understands this plea agreement. I am satisfied my client is capable of entering into this plea agreement, and does so voluntarily of his own free will, and without any

- 8 -

coercion or compulsion. I believe there is a factual basis for the plea and concur in my client entering into this plea agreement and in entering a plea of guilty pursuant to the plea agreement.

3/9/11
Date

Larry J. Handley
Attorney for Defendant
2575 N. Ankeny Blvd., Suite 221
Ankeny, IA 50023
Tel: 515.965.1200

26. United States of America.

Nicholas A. Klinefeldt
United States Attorney

3-30-11
Date

By: Stephen H. Locher
Assistant United States Attorney

110 East Court Avenue, Suite 286
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email:stephen.locher@usdoj.gov

## ATTACHMENT A
## STIPULATION OF FACTS

COMES NOW the undersigned Assistant United States Attorney for and on behalf of the United States of America, plaintiff in the above captioned matter and defendant James Richard Kerrigan and his attorney, Larry Handley, and hereby stipulate and agree that the following facts are true and correct and may be used by the District Court to establish a factual basis for the plea of guilty to be entered by defendant pursuant to the plea agreement and for purposes of sentencing:

1. On or about April 15, 2007, the defendant made and subscribed a tax return stating, in part, that he had gross receipts of $25,000 from "consulting services" for the 2006 tax year. The defendant knew at the time he made and subscribed the return that his actual gross receipts from consulting services were at least $55,000 in 2006. The defendant also knowingly overstated certain deductions and expenses for the 2006 tax year. He therefore knew the return was false and acted willfully in making and subscribing it.

2. The 2006 tax return contained a written declaration that it was signed under penalties of perjury. The false information was material and affected the defendant's tax liability for the year.

3. As a result of his false statements, the defendant reduced his tax liability for the tax year 2006 by at least $22,914.00.

4. On or about April 15, 2008, the defendant made and subscribed a tax return stating, in part, that he had gross receipts of $25,000 from "consulting services" for the 2007 tax year. The defendant knew at the time he made and subscribed the return that his actual gross receipts from consulting services were at least $93,541.53 in 2007. The defendant also

knowingly overstated certain deductions and expenses for the 2007 tax year. He therefore knew the return was false and acted willfully in making and subscribing it.

     5.     The 2007 tax return contained a written declaration that it was signed under penalties of perjury. The false information was material and affected the defendant's tax liability for the year.

     6.     As a result of his false statements, the defendant reduced his tax liability for the tax year 2007 by at least $39,791.00.

     7.     The defendant made and subscribed the false tax returns in 2007 and 2008 in the Southern District of Iowa.

_3/9/11_  
Date

                         James Richard Kerrigan  
                         Defendant

_3/9/11_  
Date

                         Larry Handley  
                         Attorney for Defendant

_3-71-11_  
Date

                         Stephen H. Locher  
                         Assistant United States Attorney